# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2011

No. 10-11121
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW NORMAN SIMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-249-6

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Matthew Norman Simpson appeals the district court's denial of his motion
to reopen his detention hearing under 18 U.S.C. § 3142(f) and its determination
that he was not entitled to automatic review of his detention under 18 U.S.C.
§ 3164(c).

Review of questions of statutory interpretation is de novo. *United States
v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). This court reviews a district court's
ruling on a motion to reopen a detention hearing under § 3142(f) for an abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-11121

discretion. *United States v. Hare*, 873 F.2d 798 (5th Cir. 1989). A detainee is entitled to reopen his detention hearing only if he presents new and material evidence bearing on the issue whether there are conditions of release that will reasonably assure his appearance at trial. *See id.* at 799.

Simpson contends that he has presented new and material evidence: the length of his detention, the results of a polygraph examination showing that he has no intent to flee, the conditions of his confinement, and the large amount of discovery in his case. Simpson has failed to establish that this information is new and material; therefore, he has not shown that the district court abused its discretion in denying his motion to reopen under § 3142(f). *See id. at* 798-99.

Simpson also contends that he is entitled to automatic review of his detention under § 3164, which pertains to persons detained pending trial and which provides, in part, as follows:

> (b) The trial of any person described in subsection (a)(1) [a detained person who is being held in detention solely because he is awaiting trial] . . . of this section shall commence not later than ninety days following the beginning of such continuous detention . . . . The periods of delay enumerated in [18 U.S.C.] section 3161(h) are excluded in computing the time limitation specified in this section.

> (c) Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel . . . shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial.

In this regard, the district court relied on language contained in § 3164(b) that states that the periods of delay enumerated in 18 U.S.C. § 3161(h) are excluded in computing the time limitations specified in § 3164. The district court determined that, because it granted an "ends-of-justice" continuance under § 3161(h)(7)(A) due to the complexity of the case, the delay was excluded from the 90-day time limitation prescribed by § 3164(b). The district court concluded that, because fewer than 90 days had elapsed between Simpson's arrest and its

2

order designating the case as complex, § 3164(c) did not require Simpson's release or the review of his detention.

This court agrees with the district court that the "ends-of-justice" continuance, which is properly excludable under § 3161(h)(7)(A), resulted in Simpson not being entitled to automatic review of his pretrial detention under § 3164(c). *See* § 3164(b); *see also* § 3161(h)(7)(A). This conclusion is consistent with the holding in two Ninth Circuit opinions. *See United States v. Avila,* Nos. 90-30221, 90-30385, 90-30386, 90-30401, 1992 WL 75236, *13 (9th Cir. Apr. 16, 1992) (unpublished) (determining that because the district court granted an "'ends-of-justice'" continuance, which was excludable under § 3161(h)(8), the court's failure to conduct an automatic review of appellants' pretrial detention did not violate § 3164(c)); *see also United States v. Dutkel,* No. 88-5465, 1990 WL 127618, *2 (9th Cir. Sept. 6, 1990) (unpublished) (determining that because the district court granted an "'ends-of-justice'" continuance, § 3164(c)'s automatic review provision did not apply).

AFFIRMED.