# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40089

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL OROZCO-ELIZONDO,

Defendant - Appellant.

United States Court of Appeals
Fif h Circuit

**FILED**

March 9, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1034-1

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Miguel Angel Orozco-Elizondo appeals the district court's refusal to reopen his sentencing hearing. We affirm.

In October 2015, Orozco-Elizondo pleaded guilty, without a plea agreement, to one count of illegal reentry, in violation of 8 U.S.C. § 1326. The presentence report ("PSR") reflected that his total offense level under the Sentencing Guidelines was 21, which included a 16-level enhancement for a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior alien-smuggling conviction and a 3-level reduction for acceptance of responsibility.[1] With his criminal history category of II, his sentencing range was 41 to 51 months.[2]

Orozco-Elizondo filed a response to the PSR in which he requested a downward variance based on the circumstances of his crossing the border. He contended that his mother operated a small store out of her home in Nuevo Laredo, Mexico, which had "provided a decent income" until the summer of 2015, when some young men began selling drugs on the corner of the street. Orozco-Elizondo approached the men and requested that they relocate. They did not comply, and shortly thereafter men began to drive down the street and "slow down noticeably in front of the store before moving on."

Orozco-Elizondo's girlfriend, Gloria Carrizales, a U.S. citizen, stayed in Mexico with Orozco-Elizondo and his mother every weekend, coming to Nuevo Laredo on Fridays and returning to Laredo, Texas, on Sundays. On August 9, 2015, Orozco-Elizondo was driving Carrizales to the bridge between Nuevo Laredo, Mexico, and Laredo, Texas, when a truck with several men approached. After telling her to walk over the bridge, Orozco-Elizondo began to run when three men ran toward him. After deciding it was not safe to return to his car near the bridge, he crossed the Rio Grande and illegally entered the United States. He was arrested soon thereafter by border patrol agents.

At the sentencing hearing, Orozco-Elizondo's attorney requested a prison sentence of 20 to 24 months and elaborated on his request. The district court also allowed for allocution from Orozco-Elizondo. The district court imposed a

---

[1] U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a), (b)(1)(A)(vii) (U.S. SENTENCING COMM'N 2015).

[2] U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A (U.S. SENTENCING COMM'N 2015).

No. 16-40089

sentence of 41 months of imprisonment, which the government recommended, without supervised release or a fine.

Immediately after the court announced Orozco-Elizondo's sentence, his attorney made the following objection:

> If I may, your Honor, we'd ask the Court to note our objection to the sentence as greater than necessary. We don't quarrel with the Court's procedure and then just our objection is the sentence being greater than necessary because of the length and the remoteness of the conviction and again the reasons as to why he found himself in the country. Ms. Carrisalas [sic], the Court did not hear this testimony of course and I'd like to proffer it if I may. She's here in the—

The court interrupted defense counsel: "This case is over, thank you. Call the next case."

Orozco-Elizondo timely appealed. He contends on appeal that the district court abused its discretion when it denied his request to reopen the sentencing hearing and allow Carrizales to testify. We review the district court's denial of Orozco-Elizondo's request to reopen his sentencing hearing for abuse of discretion.[3]

Orozco-Elizondo maintains that Carrizales's testimony "could have made all the difference to [his] sentencing defense of imperfect coercion or duress," which, he argues, the district court "gave the appearance of disbelieving . . . , in part because of alleged discrepancies in the story and in part because of the lack of supporting evidence." During the sentencing hearing, the district court provided Orozco-Elizondo's attorney with several opportunities to proffer

---

[3] *See, e.g., United States v. Simpson*, 408 F. App'x 830, 831 (5th Cir. 2011) (per curiam) ("This court reviews a district court's ruling on a motion to reopen a detention hearing under § 3142(f) for an abuse of discretion." (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989))); *United States v. Rodriguez*, 43 F.3d 117, 125 (5th Cir. 1995) ("Whether to grant a motion to reopen [the evidence] is within the trial court's discretion, and the parties correctly agree that the denial of a motion to reopen is reviewed for abuse of this discretion.").

No. 16-40089

Carrizales's testimony, which he expressly declined to do. After confirming that the parties had received copies of the PSR, the district court asked Orozco-Elizondo's attorney if he had any objections, to which defense counsel responded, "No[] objection, Judge, just a request for a consideration for a downward variance," on which the court allowed him to elaborate extensively. Defense counsel mentioned twice during the hearing that Carrizales was in the courtroom, but at no point before the sentence was imposed did he offer her testimony or put her on the stand. After defense counsel elaborated on the circumstances surrounding Orozco-Elizondo's reentry into the United States, the district court yet again gave him an opportunity to present "anything further," which he declined.

Despite defense counsel's numerous opportunities to proffer Carrizales's testimony before the district court announced Orozco-Elizondo's sentence and counsel's awareness of the court's perceived skepticism of his "sentencing defense of imperfect coercion or duress," he did not attempt to proffer Carrizales's testimony until after the sentence was announced. We cannot say that the district court abused its discretion in denying Orozco-Elizondo's counsel's request to allow Carrizales to testify after it announced his sentence.[4] Accordingly, we affirm the district court's denial of Orozco-Elizondo's request to reopen the sentencing hearing.

AFFIRMED.

---

[4] Both parties rely on our decision in *United States v. Walker*, 772 F.2d 1172 (5th Cir. 1985), in which another panel of this court held that courts must consider several factors when determining whether to reopen the evidence in a criminal trial. *Id.* at 1177. *Walker*—a case in which the defendant, who was emotionally and "documentarily" unprepared to testify during his case-in-chief, sought to testify after the close of evidence—involved distinguishable facts and is thus inapplicable. *Id.* at 1175–77.